## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ALLERGY & ASTHMA NETWORK**<br>**MOTHERS OF ASTHMATICS,**<br>**2751 Prosperity Avenue, Suite 150**<br>**Fairfax, VA 22031-4397**<br><br>**Plaintiff,**<br><br>-v-<br><br>**LINDA M. SPRINGER**<br>**in her official capacity as**<br>**Director of the United States Office**<br>**of Personnel Management**<br>**1900 E Street, N.W.**<br>**Washington, D.C. 20415-0001,**<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No._____

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff, the Allergy & Asthma Network Mothers of Asthmatics ("AANMA") by and through undersigned counsel, respectfully presents this action to declare unlawful and enjoin certain actions of defendant Linda M. Springer ("Springer"), in her official capacity as Director of the United States Office of Personnel Management ("OPM") and others acting under her authority (hereinafter "defendant" shall be deemed to include persons acting under her authority) with regard to the interpretation of regulations related to the Combined Federal Campaign ("CFC") as it applies to plaintiff. Specifically, as set forth in the averments below, defendant acted without authority and arbitrarily to deny the application of plaintiff, for inclusion as an eligible organization in the 2006 CFC. The actions by defendant violate 5 CFR Part 950, the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 500-706, and the First Amendment.

## Jurisdiction and Venue

1.      This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1346 (United States as defendant), 28 U.S.C. § 1361 (writ of mandamus), and 5 U.S.C. §§ 701-706 (APA).

2.      The injunctive and declaratory relief sought herein is authorized in actions arising under the statutes cited above as well as by 28 U.S.C. § 2201 (declaratory relief) and 28 U.S.C. § 2202 (injunctive relief).

3.      Venue is proper in this court pursuant to 28 U.S.C. § 1391(e) because the defendant, in her official capacity, resides in this district and all of the actions and omissions complained of herein occurred in this district.

## Parties

4.      The plaintiff, the Allergy & Asthma Network Mothers of Asthmatics ("AANMA") is a non-profit Virginia corporation which maintains its principal office at the address listed in the caption.  AANMA has been accorded tax-exempt status by the Internal Revenue Service as a charitable organization within the meaning of Internal Revenue Code sec. 501(c)(3).

5.      Founded in 1985, AANMA is a national nonprofit network of families whose desire is to overcome, not merely cope with, allergies and asthma.  As part of its mission, AANMA organizes and sponsors national and regional allergy and asthma awareness programs, advocates for issues affecting those with asthma and allergies, including patient access to specialty care and appropriate treatments, school nurses in every school, and children's rights to carry inhalers at school, provides information packets to families, patients, schools, health officials, and government agencies around the country, and maintains an interactive web site that

gives patients and their families instant access to the most up-to-date information about asthma and allergies.

6.     Children's Medical Charities of America ("CMCA") is a nonprofit federation that pre-screens high quality national charities that are dedicated to saving the lives of children in the U.S. and around the world.  Its member charities perform free surgeries and provide free medical care to the world's poorest children.  Additionally, its members fund medical research and state-of-the art training for physicians and provide critical support and education for the parents and caregivers of ill children.  CMCA is an OPM-approved national federation eligible to participate in the 2006 CFC on behalf of its member organizations.

7.     AANMA is a member in good standing of CMCA and authorized CMCA to represent it before OPM in connection with the 2006 CFC.  National federations such as CMCA, eligible to participate in the CFC, submit annually to OPM lists of member organizations eligible to participate in the CFC.  Individual members of national federations do not submit applications to participate in a particular CFC unless requested to do so by OPM.

8.     Defendant is the director of the OPM, an agency of the executive branch of the government of the United States.  OPM is charged with, *inter alia*, interpreting  regulations (5 C.F.R. Part 950) governing the solicitation of federal civilian employees, postal employees, and uniformed service personnel for contributions (*via* voluntary payroll deductions and otherwise) to charitable organizations.  This procedure is referred to as the "Combined Federal Campaign" ("CFC").

9.     These regulations govern, *inter alia,* criteria to be met by charitable organizations which seek to be included in the "National List" of organizations eligible to participate in the

CFC.  Organizations must apply (or reapply, as the case may be) each year for inclusion in the

CFC on a form developed by OPM.  To be included in the CFC, an applicant (in general) must

establish that it is a human health and welfare organization which carries out its program

activities in 15 or more different states or one foreign country over the three year period

immediately preceding the beginning of the CFC campaign year.  *See* 5 C.F.R. § 950.202, set

forth below.

    10.    OPM promulgated at 5 C.F.R. Part 950 regulations governing, *inter alia*, national

list eligibility requirements which pertain to the applications of charitable organizations for

inclusion in the CFC.  The  specific provisions of said regulations at issue are the following:

**§ 950.202 National list eligibility requirements.**

    All organizations seeking national list eligibility must:

        (a) Certify that it [sic] provides or conducts real services, benefits,
        assistance, or program activities, in 15 or more different states or a
        foreign country over the 3 year period immediately preceding the
        start of the year involved. The requirement cannot be met on the
        sole basis of services provided through an "800" telephone number
        or by sending materials via the U.S. Postal Service or a
        combination thereof. A schedule listing those states (minimum 15)
        or the foreign countries (minimum 1) where the program activities
        have been provided and a detailed description of the activities in
        each state or foreign country must be included with the
        application. While it is not expected that an organization maintain
        an office in each state or foreign country, a clear showing must be
        made of the actual services, benefits, assistance or activities
        provided in each state or foreign country.

**<u>Chronology and Summary of Events</u>**

    11.    On or about January 27, 2006, CMCA submitted to defendant AANMA's 2006

CFC application.  In its application, AANMA described in detail activities undertaken in forty-

six (46) states, a portion of which are summarized below.  *See* Exhibit "A," attached hereto, and

included as "Attachment A" to AANMA's 2006 CFC Application.)

12.    In Attachment A to its application, AANMA summarized its services, benefits,

assistance, and program activities provided or conducted in part as follows:

(1) **California** – In addition to distributing asthma education related materials to 1000
people, AANMA sponsored a family program in January, 2003 regarding asthma
education and awareness. Additionally, a representative of AANMA conducted three
health fairs for schools in schools in Yuba City, California to educate children and
teachers regarding asthma.

(2) **District of Columbia** – In addition to distributing asthma education related materials
to interested persons between, in November, 2003, Sandra Fusco-Walker, director of
government affairs, gave a speech to the National Patient Advocate Foundation in regard
to allergies and asthma. In 2003-2005, AANMA held its annual Asthma Awareness Day
on Capitol Hill which featured patient education material and free asthma screenings to
members of Congress, doctors,  other health professionals and more than 200 other
visitors.

(3) **Florida** –   In addition to distributing asthma education related materials to interested
persons, an AANMA representative, whose son died of asthma, conducted an Asthma
Awareness Day on April 3, 2004, which featured patient education materials and free
asthma screenings.

(4) **Louisiana** –   In addition to distributing asthma education related materials to
interested persons, AANMA held an Asthma Awareness Day in May, 2003 which
featured patient education materials and free asthma screenings.  In November, 2003,
Sandra Fusco-Walker, director of government affairs, spoke at the American College of
Allergy, Asthma and Immunology Conference.

(5) **Maryland** –   In addition to distributing asthma education related materials to
interested persons, an AANMA representative, Jennifer Harrington, attended a Head
Start Program in January, 2004 and gave a presentation in which she discussed asthma
and distributed materials to over 200 participants.

(6) **Minnesota** – In addition to distributing asthma education related materials to
interested persons, in 2004, Christy Olson, AANMA's nurse educator, provided one-on-
one advice to persons with questions and concerns about asthma via AANMA's web site
and its free telephone help line.

(7) **Nebraska** – In addition to distributing asthma education related materials to
interested persons, in June, 2003, AANMA distributed 800 AIRepair kits to local
schools, health fairs, hospitals and physicians. In 2004, AANMA screened 100 people for

5

asthma. In 2004, an AANMA representative spoke at a local health fair.

(8) **Nevada** – In addition to distributing asthma education related materials to interested persons, in December, 2003, Sandra Fusco-Walker, AANMA's director of government affairs, spoke to 300 persons attending  the American Association of Respiratory Care conference in Las Vegas on allergies and asthma.

(9) **New Jersey** –  In addition to distributing asthma education related materials to interested persons, in 2003, AANMA sponsored a family support group and made five presentations in regard to asthma before 600 people. In June, 2003, AANMA distributed indoor AIRepair kits to 990 people. In May, 2004, Sandra Fusco-Walker, AANMA's director of government affairs, attended the Pediatric Asthma Coalition of New Jersey's statewide meeting and made a presentation.

(10) **New York** –  In addition to distributing asthma education related materials to interested persons, AANMA participated in the Brooklyn Collaborative with other organizations to present three programs concerning asthma education and treatment in which 600 people attended. In 2003, AANMA sponsored family programs in which 50 persons attended. In June, 2003, AANMA distributed indoor AIRepair kits to nearly 800 persons who attended health fairs. In May, 2004, AANMA representative Pat Smith conducted an Asthma Awareness Day  which featured patient education material and free asthma screenings.

(11) **North Carolina** –  In addition to distributing asthma education related materials to interested persons, AANMA distributed 814 indoor AIRepair kits to over 800 families, health fairs, hospitals. In May, 2004, AANMA representative Teresa Fralich conducted an Asthma Awareness Day  which featured patient education material and free asthma screenings. In 2004, AANMA sponsored the Garibaldi Festival and Camp Breathe Easy in which programs were provided to 300 people who learned about asthma.

(12) **Ohio** –   In addition to distributing asthma education related materials to interested persons, in June, 2003, AANMA sponsored 3 programs attended by 300 people who learned about asthma.  In June, 2003, AANMA distributed indoor AIRepair kits to 1100 people.

(13) **Oregon** –   In addition to distributing asthma education related materials to interested persons, in December, 2005, Gracie Lee, a community health nurse of a Head Start program in Portland, Oregon, on behalf of AANMA, instructed a class for child care professionals in regard to asthma.

(14) **Pennsylvania** –   In addition to distributing asthma education related materials to interested persons, in October, 2004, Sandra Fusco-Walker spoke at the Patient Advocate Leaders Summit in Philadelphia.

(15) **South Dakota** –   In addition to distributing asthma education related materials to interested persons, AANMA co-sponsored an Asthma Awareness Day Screening program in 2003,  which featured patient education material and free asthma screenings. AANMA   In 2003, AANMA also sponsored a Teen Awareness Event in regard to asthma.

(16)  **Tennessee** –   In addition to distributing asthma education related materials to interested persons, several AANMA outreach service coordinators assist at a Respiratory Caregivers Conference. In 2003, AANMA developed a "Tools for Schools" program at over 30 schools in which teachers, students and their families were taught how to identify environmental hazards affecting persons with asthma and environmental remediation strategies.  Through this program, AANMA advocates on behalf of students who suffer from asthma and require a school environment free of allergans and other causes of asthma.

(17) **Texas** –   In addition to distributing asthma education related materials to interested persons, in June, 2003, AANMA's outreach service coordinators distributed over 300 indoor AIRepair kits.

(18) **Utah** –   In addition to distributing asthma education related materials to interested persons, Sandra Fusco-Walker was in charge of an AANMA exhibit booth at the National Conference for State Legislatures in Salt Lake City in July, 2004.  During this conference she conferred with legislators and advocated on behalf of students suffering from asthma.

(19) **Virginia** – AANMA's dedicated staff directs the organization's activities from its headquarters located in Virginia.  All planning for the organization's activities, including Asthma Awareness Days, the training of outreach service coordinators, the research and writing of the organizations publications and other products, and other of the organization's charitable activities occur in Virginia.

(20) **Washington** –   In addition to distributing asthma education related materials to interested persons, in 2003, Sandra Fusco-Walker attended and spoke at the National Association of School Nurses Conference in Seattle. AANMA also sponsored an asthma related educational event in which 200 people attended and learned about asthma.

Clearly, AANMA engaged in qualified activities in more than 15 states during the three

year period preceding the 2006 CFC.

For a complete listing of AANMA's services, benefits, assistance, and program activities

provided or conducted in 2003, 2004 and 2005, see Exhibit A hereto.

13.    On June 2, 2006, defendant, acting through Mara T. Patermaster, Director, Office

of CFC Operations, denied AANMA's application because AANMA allegedly "*did not include*

*sufficient information to support a claim that the organization provided or conducted real*

*services, benefits, assistance, or program activities in 15 or more different states or a  foreign*

*country over the three-year period immediately preceding January 2006.  Please see CFC Memo*

*2004-1- (attached) regarding the dissemination of publications.*"  *See* Exhibit "B" attached

hereto.  The letter from Patermaster afforded AANMA an opportunity to file an appeal with Dan

G. Blair, Deputy Director of OPM ("Blair").

14.    By letter dated June 16, 2006, Sherry Raynor, President of CMCA appealed the

initial denial of AANMA's application to participate in the 2006 CFC.  *See* Exhibit "C" attached

hereto.  Raynor asserted OPM did not provide a basis for its denial of AANMA's Attachment A

(*i.e.*, Exhibit A hereto), that the previously submitted Attachment A was sufficient to meet

eligibility, that OPM's review conducted an incomplete examination of the data, and that OPM's

denial of AANMA was arbitrary and inconsistent with eligibility findings made for similar

documentation.  Additionally, Raynor submitted an elaboration of the Attachment A data

previously submitted, a copy of which is attached hereto as Exhibit "C1."

15.    By letter dated July 17, 2006 (Exhibit "D" hereto), defendant, through OPM

Deputy Director Blair, sustained the decision to deny AANMA's application.  Blair stated in

pertinent part:

> *I am sustaining the decision to deny the application[] of Allergy and Asthma*
> *Network/Mothers of Asthmatics .... Allergy and Asthma Network/Mothers of*
> *Asthmatics' application provided information on services provided in a number of*
> *states.  However, we were only able to identify eight states where qualifying*
> *services, such as presentations and advocacy activities, occurred.  The remaining*
> *states detailed representatives' attendance at meetings and/or the dissemination*

*of materials, neither of which are considered a real service for CFC eligibility purposes.*

16.     OPM's denial of AANMA's form of distribution of materials is inconsistent with OPM's own instructions and prior approvals by OPM.  AANMA's program details in Attachment A are substantially similar to those described in OPM's Memo 2004-10 under "appropriate Attachment A formats" which links to OPM Memo 2003-9.  *See* Exhibits "E" and "F" hereto.  OPM Memo 2003-9 provides the following description as an example of a "Qualifying Attachment A:"

> ***Colorado***
> *October 20, 2001 - Presented at the University of Colorado Health and Wellness Fair. Staff were on-hand to distribute educational information and answer questions from students*

17.     Moreover, in 2003 OPM approved two charities (Vegan Outreach and The Humane Farming Association) whose Attachment A's described services including the distribution of materials via table top fairs.  *See* Exhibits "G" and "H" attached hereto.

18.     On or about July 31, 2006, OPM will have completed the 2006 National/International List of Participating Agencies to be posted on the OPM web site. Sometime shortly after July 31, 2006, OPM will distribute to local combined federal campaigns the National List of charitable organizations included in the 2006 CFC.  *See* CFC schedule attached hereto as Exhibit "I."  Upon information and belief, after July 31, 2006, the local combined federal campaigns will commence printing brochures for distribution to federal employees.  These brochures contain both National List charities and local charities.

19.     Despite receiving AANMA's appeal on or about June 16, 2006, OPM did not respond until July 17, 2006, which letter was received on July 24, 2006, just days before the

National List is finalized.  This gave AANMA only a short period to retain counsel and prepare pleadings, resulting in significant hardship to AANMA.

20.    If AANMA is not included on the National List, it will suffer irreparable injury, including, but not limited to, being deprived of contributions which it otherwise would have received, as well as being deprived of the opportunity to recruit volunteers to support its programs.

### <u>Cause of Action</u>

**(Judicial Review of Agency Action Pursuant to 5 U.S.C. § 701, *et seq*.)**

21.    Defendant has acted without authority and in an arbitrary and capricious manner and in violation of AANMA 's First Amendment rights, in interpreting the regulations and applying them to AANMA, in the following respects:

A.    Section 950.202 (a) requires the applicant to submit a schedule of a minimum of 15 states or one foreign country where the applicant conducts "real services, benefits, assistance or  program activities."  The applicant is required to demonstrate that it provides "actual services, benefits, assistance or activities" in these states or in one or more foreign countries.  An applicant is not required to maintain an office in each state or foreign country where it conducts its activities.  Neither "real services, benefits, assistance or program activities" nor "actual services, benefits, assistance or activities" is defined in the regulations and such terms are vague and lack the necessary specificity in violation of the First Amendment.

B.    In spite of the constitutional infirmity of § 950.202(a), AANMA complied with the requirements of this regulation.  AANMA set forth in Attachment A to its application the actual services, benefits, assistance, and activities it carried out in more than seventeen (17) states during the three year period preceding the submission of its application.  (*See* ¶ 12 above.)

10

Overcoming allergies and asthma is the primary mission of AANMA. Attachment A clearly identified those states where AANMA provided or conducted actual services, benefits, assistance, and activities and the years when such services or benefits were provided. These disclosures constitute "a clear showing" and "detailed description" of the "actual services, benefits, assistance or activities provided."

        C.     In its 2006 CFC application submitted to defendant, AANMA attached information with regard to its activities which were substantially similar to the activities detailed by previous charities which were accepted on the CFC by OPM. OPM approved Vegan Outreach and the Humane Farming Association's 2003 CFC applications, yet arbitrarily denied AANMA's 2006 CFC application which included the same activities. Moreover, AANMA has provided applications with substantially similar descriptions of its activities to OPM for the past fourteen (14) years without issue.

        22.     Defendant's denial of AANMA's application was arbitrary, capricious and an abuse of discretion in violation of the APA, 5 U.S.C. § 501 *et seq*. and violated AANMA's First Amendment rights.

        23.     Defendant's interpretation of the regulations was similarly arbitrary, capricious and an abuse of discretion in violation of the APA, 5 U.S.C. § 501 *et seq*. and violated AANMA's First Amendment rights.

## **Request for Relief**

        24.     Wherefore, premises considered, plaintiff respectfully requests the following relief:

        A.     A temporary restraining order preventing defendant from excluding AANMA from the 2006 CFC pending a hearing on the merits by this court;

B.    A preliminary injunction, in the nature of mandamus, requiring defendant to include AANMA in the 2006 CFC;

C.    A permanent injunction, in the nature of mandamus, requiring defendant to include AANMA in the 2006 CFC;

D.    A declaratory judgment that defendant erred in denying AANMA's application for inclusion in the 2006 CFC and that defendant acted arbitrarily and capriciously in violation of the APA;

E.    Such other and further relief and remedies as may be proper and serve the interests of justice; and

F.    An award in such monetary amount as may reimburse plaintiffs for the legal fees and costs incurred by plaintiff as a result of defendant's actions and omissions, as set forth herein.

Respectfully submitted,

Allergy & Asthma Network Mothers
of Asthmatics

By Counsel

12

_/s/_____
Bernard J. DiMuro, Esq. (D.C. Bar #929406)
DIMURO GINSBERG, P.C.
908 King Street, Suite 200
Alexandria, Virginia 22314
(703) 684-4333
(703) 548-3181 (facsimile)

Noland MacKenzie Canter, III (D.C. Bar #93616)
Mark J. Diskin (D.C. Bar #334086)
Copilevitz & Canter, LLC
1900 L Street, N.W., Suite 215
Washington, D.C. 20036

*Counsel for Plaintiff*

## <u>VERIFICATION</u>

I declare under penalty of perjury that the foregoing is true and correct.  Executed on July ___, 2006.

By:    _/s/_____
          Title: